UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROMELL HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  4:23-cv-01286-RWS |
| | ) |
| ROBERT F. OLOUGHIN, | ) |
| d/b/a LHM, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Romell Hill to proceed in the district court without prepaying fees or costs. Based on the financial information provided in the application, the application will be granted and plaintiff's filing fee will be waived. Additionally, based on initial review, plaintiff's employment discrimination complaint will be dismissed without prejudice.

**Standard of Review**

A complaint filed without prepaying fees and costs by a non-prisoner is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (stating that "contrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service").

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Complaint**

Plaintiff brings this employment discrimination complaint against defendant Robert F. Oloughin under Title VII of the Civil Rights Act of 1964 alleging discrimination on the basis of race. At the time of the incident, plaintiff worked at the Hilton Doubletree in Springfield, Illinois. He states that on February 10, 2023, he booked a room for February 17 through 19 at the Hilton at the Ballpark in St. Louis, Missouri for his annual trip to St. Louis for Mardi Gras.

When he arrived at the hotel, he states that the lobby was very busy and he waited in line to check-in. When it was his turn, the employee at the front desk confirmed his identification and asked for payment. When plaintiff gave her his Chime credit card, the manager on duty walked up and told plaintiff that the hotel did not take those cards. Plaintiff states he gave her another Chime credit card, and the manager said they could not take that card either. The manager told plaintiff that he needed a "bank card from a bank." Plaintiff asked if his friend could pay for his room with her credit card. The manager told plaintiff that his friend could pay for him but he would not be able to use his employee discount.

At this point, plaintiff turned to compose himself and noticed he was the only African American in the lobby. He turned back around and noticed security "popping up in the area." Plaintiff asked for the manager on duty's name and walked away. Plaintiff states that he had to sleep in his car that night.

He states that he made a complaint through his company, Hilton. He states that Patricia Estes, from the executive office at Hilton reached out to the Hilton at the Ballpark about the matter, but Hilton at the Ballpark failed to respond within sixty days. On March 21, 2023, plaintiff states he received a call and email from Kathleen Morrissey, whose position at Hilton he has not identified, offering him 25,000 Hilton honors points as compensation. After plaintiff explained what happened, Ms. Morrissey said "she would go talk to her board and see if she [could] do something better." Plaintiff never heard back.

Plaintiff filed a complaint with the EEOC and the EEOC sent him a right to sue letter. Plaintiff states, "I feel like the Hilton at the St. Louis Ballpark Village is try[ing] to sweep this under the rug like it never happened. I guess they don't get how it is to go to another city and the

company that you work for has employees that have racial problems to the point where I was humiliated and had to sleep in my car."

For relief, plaintiff seeks an award of $2 million for the humiliation he suffered at the Hilton at the Ballpark. He also requests that the employees there be required to take anti-discrimination training. Finally he states that he would like lifetime diamond status awarded on his Hilton honors card.

## Discussion

Plaintiff has asserted Title VII claims of racial discrimination arising out of the events on February 17, 2023. Plaintiff is a Hilton employee, working at the Doubletree by Hilton in Springfield, Illinois. He sues an individual named Robert F. Oloughin d/b/a LMH. Mr. Oloughin is not identified in the body of the complaint. His name appears only in the caption of the complaint and on the line on the form for identifying the defendant. Plaintiff has made no factual allegations against Robert Oloughin, whether related to employment discrimination or otherwise.

Title VII prohibits "unlawful employment practice[s]" by an "employer" only. *See* 42 U.S.C. § 2000e-2(a). That is, while Title VII covers the conduct of employers, it does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers"). In other words, "supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). As such, claims against individual defendants are subject to dismissal. *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) (concluding "that the claims against the individual defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers").

Plaintiff's complaint relates to alleged employment discrimination at the Hilton at the Ballpark in St. Louis, Missouri. Plaintiff did not work at the Hilton at the Ballpark; he worked at the Doubletree by Hilton in Springfield, Illinois. He has sued an unknown individual, Robert Oloughin d/b/a LHM. Because the Court cannot find that Mr. Oloughin was plaintiff's employer and cannot find that Mr. Oloughin engaged in any racial discrimination, plaintiff's complaint is subject to dismissal.

Additionally, to state a claim under Title VII for employment discrimination, plaintiff must experience an adverse employment action arising out of the alleged discrimination. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007); *see also Jackman Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3 800, 804 (8th Cir. 2013) (characterizing "termination, cuts in pay or benefits, and changes that affect an employee's future career prospects" as adverse employment actions). Here, plaintiff alleges that one of his benefits of employment, an employee discount, was not honored at an out-of-state Hilton hotel. He alleges employment discrimination based on this one-time refusal to honor his employee discount. Plaintiff has not alleged any changes to his duties or working conditions at the Hilton Doubletree in Springfield, Illinois. Nor does he allege any changes that would affect his future career arising out of the alleged racial discrimination. Plaintiff has not established that the unnamed manager's refusal to honor his employee discount constitutes a plausible adverse employment action sufficient to sustain his Title VII claim.

Additionally, plaintiff's general manager in Springfield, Illinois, Christi Rios, told plaintiff that he should have been allowed to use his credit card and that his friend should have been allowed to pay for the room with plaintiff's employee discount if plaintiff was present. Plaintiff's general

-5-

manager agrees with him that the Hilton at the Ballpark should have honored his employee discount and accepted his form of payment. Because plaintiff has the support of his general manager it is unlikely plaintiff suffered any adverse employment action where he was employed.

Because plaintiff has not alleged defendant was his employer and has not alleged an adverse employment action, his employment discrimination complaint will be dismissed without prejudice on initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An order of dismissal will accompany this memorandum and order.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

Dated this  18th  day of October, 2023.

RODNEY W. SIPPEL  
UNITED STATES DISTRICT JUDGE